**DAVIS & NORRIS, LLP**
John E. Norris (Pro Hac Anticipated)
jnorris@davisnorris.com
Wesley W. Barnett (Pro Hac Anticipated)
wbarnett@davisnorris.com
Dargan Ware #329215
dware@davisnorris.com
Andrew Wheeler-Berliner #290495
andrew@davisnorris.com
2154 Highland Avenue South
Birmingham, AL 35205

Attorneys for Respondent/Cross Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SPINX GAMES, LTD.,**<br><br>**PETITIONER**,<br><br>v.<br><br>**THOMAS VIEL,**<br><br>**RESPONDENT.** | **Case No. 3:2023-CV-01337-WHO**<br><br>**OPPOSITION TO PETITONER SPINX GAMES, LTD.'S PETITION TO COMPEL ARBITRATION IN SAN FRANCISCO, CALIFORNIA** |

Petitioner does not seek to compel arbitration, but rather asks this Court to order the arbitration take place in San Fransisco, California. The contract, the rules of the American Arbitration Association, and decisions of the U.S. Supreme Court and the Ninth Circuit all agree that this is a question to be decided by the arbitrator not the Court. The SpinX petition is due to be denied, and the cross-petition of Respondent to order SpinX to submit the matter to the arbitrator is due to be granted.

**1. Both Parties Agree the Underlying Claim Belongs in Arbitration**.

Both parties agree that the underlying claim belongs in arbitration pursuant to the SpinX "Terms of Service". In fact, the Respondent, a consumer of SpinX services, has already filed her

arbitration demand with AAA and paid her filing fee. AAA has already begun its administration.

**2. A Dispute Exists as to Where the Arbitration Should take place.**

While both parties agree the claim is due to be arbitrated, a dispute exists as to where the arbitration should take place.

**A. SpinX's Position on Location of Arbitration.**

SpinX believes the arbitration should take place in San Francisco, California. In support of its position, SpinX points to language in its Terms of Service stating "COMPANY may transfer the arbitration to San Francisco California."

**B. Claimant's Position on Location of Arbitration.**

Claimant believes the arbitration should take place where claimant resides and where the claim arose. In support of its position, claimant points out that this is a consumer agreement under the AAA Consumer Arbitration Rules. The AAA defines a consumer agreement as follows:

> The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, features, or choices. The product or services must be for personal or household use.

The SpinX Terms of Service are a consumer agreement within this definition. It is certainly for the purchase of a personal good or service, that is, online gambling. While the arbitration agreement contains an opt out provision that must be exercised within 30 days of first agreeing to the terms, the terms of the arbitration agreement are non-negotiable, and systematically applied to Respondent and all other SpinX customers by clicking a button, a method of contract formation known as "click-wrapped."

Where the dispute involves a consumer agreement, the AAA mandates that the Consumer Rules apply:

> **R-1. Applicability (When the AAA Applies These Rules)**
>
> (a) The parties shall have made these Consumer Arbitration Rules ("Rules") ***a part of their arbitration agreement*** whenever they have provided for arbitration by the American Arbitration Association ("AAA"), and 1) have specified that these Consumer Arbitration Rules shall apply; 2) have specified that the Supplementary Procedures for Consumer-Related Disputes shall apply, which have been amended and renamed the Consumer Arbitration Rules; 3) the arbitration agreement is contained within a consumer agreement, as defined below, that does not specify a particular set of rules; or 4) the arbitration agreement is contained within a consumer agreement, as defined below, ***that specifies a particular set of rules other than the Consumer Arbitration Rules.***
>
> When parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be ***deemed to have agreed*** that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement.

(emphasis supplied). Where the AAA Consumer Arbitration Rules apply, the AAA Consumer Due Process Protocols also apply. Principle 7 of the AAA Consumer Due Process Protocol, entitled "Reasonably Convenient Location," states in part:

> In a face-to-face proceeding, the proceeding should be conducted at a location which is reasonably convenient to both parties with due consideration of their ability to travel and other pertinent circumstances.

Claimant believes under Principle 7 of the Due Process Protocol, the arbitration should take place where claimant resides and where the claim arose.

**3. The Dispute as to Location of the Arbitration is Due to be Resolved by the Arbitrator.**

Under the Terms of Service, under the AAA Rules, and controlling law from the U.S. Supreme Court and the Ninth Circuit, the dispute between the parties as to where the arbitration should be held is a matter to be resolved by the arbitrator.

**A. The Terms of Service Provide that this Dispute is to be Resolved by the Arbitrator.**

The Terms of Service provide that the dispute as to location of the arbitration is to be decided by the arbitrator by stating at paragraph 18(a):

> [Y]ou and COMPANY agree that ***all*** Disputes, as defined below, between you and Company will be settled by binding arbitration unless otherwise provided herein.
>
> * * *
>
> "Dispute" means any dispute, claim, or controversy regarding any aspect of your relationship with the company... and includes the validity, enforceability or scope of this [arbitration] provision. "Dispute" is to be given the broadest possible meaning that will be enforced.

(emphasis supplied). The present dispute is one covered by the arbitration agreement, and must be settled by arbitration, by the very clear and broad terms of the agreement's definition of dispute.

In Section 18(f), the agreement goes on to make it absolutely clear that not only must the dispute be arbitrated, but that the arbitrator must decide ***all*** issues concerning the terms of that arbitration:

> ***All issues*** shall be for the arbitrator for to decide, including the scope and enforceability of this Provision, as well as ***any dispute related to its interpretation,*** applicability, or formation, including any claim that all or any part of it is void or voidable.

(emphasis supplied). The courts commonly refer to such a provision, which are common in arbitration agreements, as a "delegation clause." The present dispute, which falls under the umbrella of "any dispute related to" the interpretation of the agreement, must, according to the plain terms of this delegation clause, be settled by an arbitrator.

### B. The AAA Rules Provide that the Dispute as to Location is Due to be Resolved by the Arbitrator.

The AAA Rules provide that the dispute as to the location of the arbitration is due to be resolved by the arbitrator. Specifically, AAA Consumer Arbitration Rule R-11 states in part:

> If an in-person hearing is to be held and if the parties do not agree to the locale where the hearing is to be held, the AAA initially will determine the locale of the arbitration. If a party does not agree with the AAA's decision, that party can ask the arbitrator, once appointed, to make a final determination.

AAA Consumer Arbitration Rule R-11. In addition, Principle 7 of the AAA Consumer Due Process Protocol provides:

> If the parties are unable to agree on a location, the determination should be made by the independent ADR Institution or the Neutral.

The AAA rules therefore specifically provide that the question of location of the arbitration is one for the arbitrator.

**C. The Decisions of the Supreme Court and the 9th Circuit Say that Questions Like this are for the Arbitrator not the Court.**

The United States Supreme Court and the Ninth Circuit have both clearly held that, when the arbitration agreement contains a delegation clause assigning the arbitrator the authority to resolve all disputes, a court cannot decide any issue relating to the arbitration dispute, even if the issue is whether the contract as a whole is completely unenforceable due to unconscionability or other grounds under the law of contract. Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010); Caremark, LLC v. Chickasaw Nation, 43 F. 4th 1021, 1029 (9th Cir. 2022). In the Ninth Circuit's discussion in Caremark of the Supreme Court's Rent-A-Center decision, the Ninth Circuit wrote: "In Rent-A-Center, the Court held that a challenge to the validity of an entire arbitration agreement—there, an unconscionability challenge—must be decided by the arbitrator if the agreement includes a delegation clause that is not directly challenged." 43 F. 4th at 1029. No one is challenging the delegation clause in this case. Indeed, SpinX fails to so much as mention the delegation clause in its submissions to this Court. The Supreme Court reaffirmed this principle in Henry Schein, Inc. v. Archer & White Sales, Inc., holding that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." 139 S.Ct. 524, 529 (2019).

Since the Supreme Court has held that such central threshold issues as arbitrability must be decided by the arbitrator if the arbitration agreement contains a delegation clause like the one in the SpinX terms and conditions, it is certainly the case that less central issues such as venue cannot be decided by a court in these circumstances.

Accordingly, under controlling Supreme Court and Ninth Circuit precedent, this Court should deny the petition to compel the arbitration venue be moved to San Francisco so that the arbitrator can decide the venue question pursuant to the delegation clause in the arbitration agreement, and pursuant to the AAA's rules and protocols. Consistent with the pending Cross-Petition to Compel Arbitration, this Court should order this case to arbitration so that all issues, including the location of the arbitration, may be decided by the arbitrator.

Respectfully submitted this 23rd day of March, 2023

DAVIS & NORRIS, LLP

/s/ Dargan M. Ware
Dargan M. Ware
John E. Norris
Wesley W. Barnett
Andrew Wheeler-Berliner

Attorneys for Respondent, Thomas Viel