Dargan Ware (SBN 329215)
Andrew Wheeler-Berliner (SBN 290495)
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone; 205.930.9900
dware@davisnorris.com
andrew@davisnorris,com

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SPINX GAMES, LTD., | ) | Case No.: 3:23-cv-01340-WHO |
| Plaintiff(s), | ) | |
| vs. | ) | **RESPONDENT'S CONSOLIDATED REPLY IN SUPPORT OF CROSS-PETITION TO COMPEL ARBITRATION** |
| THOMAS VIEL, | ) | |
| Defendant(s). | ) | Date: May 10, 2023<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |
| | ) | Date Filed: March 8, 2023<br>Trial Date: None Set |

**I.      Introduction**

Every issue raised by SpinX, including whether the AAA can properly require the company to waive its venue provision, should be decided by the arbitrator. These essentially come down to two issues:

1. Should SpinX be permitted to arbitrate this dispute before the AAA without waiving its venue provision?

2. Should the arbitration be transferred to San Francisco?

SpinX provides no argument or authority as to why the arbitrator cannot decide these issues, regardless of what the AAA has stated up to this point.

SpinX makes much of the fact that Respondent did not make merits arguments to this Court. The reason for that is very simple: Respondent believes the law is absolutely clear that this Court cannot hear such arguments, and the decision is to be made by the arbitrator. Why would any party, having reached that conclusion, argue the merits before a tribunal the party believed could not hear them?

In reality, after the Court properly orders this case to arbitration, with the outstanding issues to be decided by the arbitrator, there are numerous points Respondent will likely raise to that arbitrator, including the following:

1. Does the AAA Due Process Protocol prevent enforcement of the contractual choice of forum?

2. Are there public policy reasons why the contract's choice of forum

provision is void and transfer of the forum should not take place?

3. Might witnesses and counsel appear by telephone or Zoom, making the entire issue moot?

## II. The Contract Makes it Absolutely Clear these Issues are for the Arbitrator

No matter who raises these issues, the Arbitrator, not this Court, must decide them, because the Agreement unequivocally says so:

> YOU AND COMPANY AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL DISPUTES, AS DEFINED ABOVE … WILL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION.

SpinX Terms of Service at 18(b). The agreement also defines the term dispute in a way which unequivocally includes the parties' disputes over every issue that has been raised:

> "Dispute" means any dispute, claim or controversy between you and the Company…. "Dispute" is to be given the broadest possible meaning that will be enforced.

SpinX Terms of Service at 18(a).

## III. SpinX is Simply Wrong that it Cannot Arbitrate Whether it Should be Required to Waive the Choice of Forum Clause

SpinX's lament that it cannot arbitrate whether it should be required to waive the venue selection clause as a condition of arbitration in its Terms of Service is either disingenuous or simply mistaken. In truth, SpinX has never asked the AAA to

send this issue to the arbitrator, and it does not claim otherwise. If SpinX had made this request to the AAA, Respondent would happily have agreed, and this "Dispute," as the agreement requires, would have been sent to the arbitrator, and decided by the arbitrator, just as the contract envisions.

If this Court were to enter an order either compelling SpinX to arbitrate the issue of venue, or an order simply saying the issue of waiver should be decided by the arbitrator, which is certainly the correct decision since it is a "dispute" within the terms of the agreement, the AAA will abide by that order, and send the issue to the arbitrator. This is true both because, again, Mr. Viel would agree to this course of action, just as he would have agreed if SpinX had simply asked, and also because the Consumer Rules (which AAA has ruled apply) require the AAA to follow court orders:

> The administrator will comply with any court orders issued from litigation involving the parties to the dispute.

AAA Consumer Arbitration Rules at 6. Any issue that this Court orders to be decided by an arbitrator will be decided by an arbitrator. No doubt exists about that, though this Court could certainly retain jurisdiction until the AAA sends the issue to an arbitrator.

**IV. No Authorities Cited by SpinX Stand for the Proposition that a Court Should Decide Issues Delegated to the Arbitrator**

SpinX cites to two cases it claims support the idea that the Court can order an

arbitration to take place in a particular venue. Management Recruiters Intern., Inc. v. Bloor, 129 F.3d 851 (6th Cir. 1997); Beauperthuy v. 24 Hour Fitness USA, Inc., 2011 WL 6014438 (N.D. Cal. 2011). It is true, that, in general, the Court has the power to order arbitration in the venue where it sits. Neither of these cases, however, carries SpinX nearly as far as it claims they do, because neither says a word about delegation, or holds that the Court can decide the venue issue even when the contract reserves it for the arbitrator. Nobody in those cases argued that the arbitrator must decide the issue. Where the contract says an issue is for the arbitrator, the Supreme Court has made it crystal clear that the arbitrator must decide that issue, and the Court cannot. Rent-A-Center West, Inc. v. Jackson, 561 U.S. 63 (2010); Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S.Ct. 524, 529 (2019).

**V. Although the Arbitration is Currently Pending in Massachusetts, Respondent has Never Asked this Court to Compel the Arbitration to Take Place in Massachusetts.**

Contrary to SpinX's suggestion, Claimant has not moved to compel the arbitration to take place in Massachusetts or any other particular location. Instead, it has moved to compel that all issues relating to venue be decided by the arbitrator. As noted above, if ordered to do so by this Court, the AAA would certainly allow all issues be decided by an arbitrator.

The agreement says the claimant "may initiate the arbitration in San Francisco or in the federal judicial district that includes the address you provided in your

written notification of Pre-Arbitration Claim Claim Resolution." Claimant chose to initiate the arbitration in Massachusetts. Therefore, the arbitration is currently pending in that state. The question raised by SpinX is whether the arbitration should be transferred to San Francisco.

If an issue were presented in a federal court whether a case filed in Massachusetts should be transferred to California, it would, of course, always be a matter to be decided by a federal judge in Massachusetts. A Massachusetts arbitrator deciding the transfer issue would be an entirely appropriate procedure.

In a federal court, a transfer of venue necessarily means a transfer to a new judge. In arbitration the situation is different. In this matter an arbitrator has not been appointed yet by AAA. When AAA does appoint an arbitrator, he or she may be from Massachusetts, but could be from some other state. There is no contract provision or AAA rule requiring that an arbitrator be from a particular state to conduct the arbitration in that state. The issue in dispute between the parties concerns only the physical location of the arbitration, not the home address of the arbitrator. An arbitrator from Massachusetts, or any other state, could conduct the arbitration in Massachusetts where it is currently pending, or in San Francisco, if he or she deems that appropriate. Or, it is just as likely that an arbitrator will choose to conduct the hearing via Zoom, like many arbitrations in which Respondent's Counsel has participated in the past three years, and the entire point of venue will become moot.

Finally, it should be noted that any issue of physical venue will not become relevant prior to a final hearing, as preliminary issues such as this one are customarily handled by telephone or video conference.

### VI. SpinX is Incorrect about Whether this is the Appropriate Forum for Claimant's Cross-Motion to Compel

SpinX, which itself brought an action to compel arbitration in a forum different from the one where an arbitration was already pending, has curiously argued that Mr. Viel cannot cross-move to compel in the same action, because this district is not where the arbitration is already pending. SpinX picked this venue. The idea that cross-motions should exist in separate courts in different parts of the country is nonsensical. Moreover, since it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," the cross motion is in the nature of a compulsory counterclaim under Rule 13. Fed. R. Civ. Proc. 13(a)(1)(A). Also, since, as noted above, Respondent has never asked this Court to compel arbitration in Massachusetts or any other particular state, SpinX's contention that the Federal Arbitration Act prevents a district court from ordering arbitration outside its district is entirely meaningless.

### VII. If the Court Decides the Issue is for It to Decide, and then Decides the AAA was Wrong to Require SpinX to Waive the Venue Provision, the Appropriate Remedy is Not an Order Requiring the Arbitration to Be Held in San Francisco.

SpinX complains that AAA has required a waiver of its choice of forum clause

in order to commence arbitration. It argues no waiver should be required to arbitrate. We have shown that this is just one more dispute that should have been submitted to the arbitrator, and that it easily could have been, since Claimant would have readily agreed to submit this "Dispute" to an arbitrator if SpinX had simply asked.

Let us suppose for the moment that the Court were to disagree with us, and conclude that the waiver issue was one for the Court. In that case, the Court should simply declare that the arbitration should proceed without a waiver of the venue clause. It should then grant Respondent's motion to compel arbitration on all issues. This is the proper course because even if the choice of venue clause is not waived and remains in the agreement, other issues concerning the enforceability of that clause exist that Respondent should be allowed to raise with the arbitrator at the appropriate time.

Enforcement of a forum-selection clause may be "unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Such enforcement can be unreasonable where it "would contravene a strong public policy" or "if the party wishing to repudiate the clause would effectively be deprived of his day in court." Murphy v. Schneider Nat'l Inc., 362 F.3d 1133, 1140 (9th Cir. 2004). Whether enforcement of this clause would be reasonable is an issue for the arbitrator.

Therefore, even if the Court were to decide for itself the question of whether the AAA was correct in requiring a waiver of the forum selection clause, and even

if the Court answered that question in the negative, Respondent respectfully requests that the Court should also preserve Mr. Viel's right in the arbitration to object to the transfer of venue by disputing the enforceability of the forum selection clause on appropriate grounds when that issue is ripe before the arbitrator.

## VIII. Conclusion

The Court should grant Respondent's cross-motion and compel SpinX to arbitrate all issues, including whether the AAA acted properly in conditioning the arbitration on a waiver of the forum selection clause. For the avoidance of doubt, Respondent hereby consents to the waiver issue being decided by the arbitrator as provided in the contract.

In the alternative, if, in what we regard as a highly unlikely circumstance, the court were to disagree with us and conclude that it should decide the waiver issue for itself, and if the Court were to then find that SpinX should be permitted to arbitrate without waiving the choice of venue clause, and enter an order to that effect, the Court should also, in that order, carefully preserve Mr. Viel's right to later argue that the venue clause, though still in existence, is unenforceable for public policy or other appropriate reasons. The Court should not simply compel arbitration in California, because this might suggest that Mr. Viel cannot raise the question of the clause's enforceability. Thus, Respondent respectfully requests that the Court make it clear that issues of enforceability (including on public policy grounds) remain as

matters to be decided by the arbitrator at the appropriate time.

DATED: April 24, 2023

                                                /s/ Dargan M. Ware

                                                Dargan M. Ware, attorney for Respondent

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record in the above-captioned action through the CM/ECF system of the United States District Court for the Northern District of California on April 24, 2023.

/s/   Dargan M. Ware
Attorney for Respondent